■ The People ex rel. Robert E. La Fountain, Appellant, v. J. Edwin La Vallee, as Warden of Clinton Prison, Respondent.— Appeal by the relator from an order of the Clinton County Court which dismissed after a hearing a writ of habeas corpus. Upon a plea of guilty to grand larceny, first degree, the relator received a sentence on October 3, 1951 of 5 to 10 years. He was paroled on November 23, 1954 and was returned to prison as a parole violator on April 8, 1957. On July 11, 1957 the relator was sentenced by the Jefferson County Court as a second offender on his plea of guilty to grand larceny, second degree to a term of 2½ to 10 years with the sentence "to run concurrently with that which defendant is presently serving or required to serve." He was received in Attica State Prison on July 13, 1957 charged with 6 years, 2 months and 21 days delinquent time. Subsequently under the provisions of chapter 473 of the Laws of 1960, effective July 1, 1960, which repealed section 219 and added a new section 219 to the Correction Law, the relator's delinquent time was revised to a period of 4 years, 2 months and 28 days, the maximum to expire on July 2, 1961. The Parole Board also paroled him as to his delinquent time and permitted him to begin serving his new sentence on July 1, 1960. The relator maintains that the sentence imposed on July 11, 1957 was illegally interrupted under section 2188 of the Penal Law because it was not allowed to run concurrently with the previous sentence. Since the maximum time on the first sentence does not expire until July 2, 1961 the court below held that the application was premature since relator was detained by virtue of the final judgment of a court of competent jurisdiction and the time for which he may be legally detained has not expired and dismissed the application for the writ. We agree. It is possible that the relator will have to be returned, if he so moves, after the expiration of his first sentence to the Jefferson County Court for resentence. Having been sentenced as a second felony offender the court was without power to direct that the sentence run concurrently with the previous sentence (Penal Law, § 2190, subd. 2). Order unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ.